UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RICHARD KONOWAL, SR.                          :

     Plaintiff,            :  CIVIL ACTION NO.

     v.                    :  JURY DEMAND

LOWE'S HOME CENTERS, LLC                       :

     Defendant.            :

         :

## *COMPLAINT*

### *PARTIES*

1. Plaintiff, Richard Konowal, Sr. is an adult individual and citizen of the Commonwealth of Pennsylvania, currently residing at 9 Harbormist Circle, Ocean Pines, Maryland 21811.

2. During all times relevant and material to this action, plaintiff was domiciled and resided at 2916 Sheffield Drive, Plymouth Meeting, Pennsylvania 19462.

3. Defendant, Lowe's Home Centers, LLC ("Lowe's) is a corporation and/or other form of business organization operating and conducting business through multiple retails stores throughout Pennsylvania and the United States, having a retail store and place of business at 1400 East Lincoln Highway, Langhorne, Pennsylvania 19047.

### *JURISDICTION AND VENUE*

4. Jurisdiction over the action is conferred upon this district court pursuant to 28 U.S.C. §1331, in that the cause of action arises under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621 *et seq.*, as amended, and related federal regulations.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e), in that the administrative (PHRC) complaint was accepted and opened in this district, plaintiff at all time

relevant and material to this action resided in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### *FACTUAL BACKGROUND*

6.    Plaintiff was hired by Lowe's in October, 2019 to work as an assistant store manager in the Langhorne, Pennsylvania store.

7.    Plaintiff had over 33 years of management experience in large-box retail stores when he was hired as an assistant store manager by Lowe's.

8.    In September, 2020, assistant store manager Sandy Leaper (age 65), was terminated and plaintiff was assigned her departments.  Ms. Leaper was scheduled to retire in January 2021.

9.    As assistant store manager, plaintiff managed multiple departments in Langhorne with three department supervisors reporting to him; plaintiff also acted as manger on duty for the store.

10.    Plaintiff from time to time as assistant store manager in Langhorne performed all of the tasks of his department supervisors and employees, as necessary and required under his job title.

11.    Dave Small (age 64), acting store director in the Langhorne store, retired in February, 2022 due to constant harassment by the younger district manager Tom Porcelli to force Small into retirement.

12.    Shortly thereafter, new store director, Brandon Wysin (late 30s/early 40s) arrived from the Lowe's organization in Arizona to run the Langhorne store.

13.    As soon as Brandon Wysin ("Wysin") on-boarded, he started pushing older employees and supervisors out of Langhorne for first-time infractions that were not dischargeable offenses.

14.    Wysin terminated Gary Kolber (ten-year employee), age 60, in March 2022 for "insubordination", with no warning or write-up.  Gary was not insubordinate, and he was never replaced.

15.    Wysin forced plaintiff's hardware department supervisor John Kaliyak, age 71, to quit over a very minor safety infraction.

16.    After Wysin gave John Kaliyak a final warning, John gave two weeks' notice and left Lowe's rather than be fired.

17.    Wysin replaced John Kaliyak with a younger employee with no experience or qualifications to work in Kaliyak's assigned departments (electrical; tools).

18.    Frank Herzek was a 67-year-old retired electrician who worked under plaintiff in the electrical department.

19.    After a minor customer issue, Wysin immediately terminated Frank Herzek. Frank Herzek was a valued and well-regarded employee at Lowe's.  He was never replaced.

20.    In April, 2022, assistant store manager Frank Nardone (over 40) quit after constant harassment by Wysin over Frank's request to move out of his department when Wysin refused to provide store support or help.

21.    In March, 2022, plaintiff received a "final warning" for a minor mistake closing out at a cash register, caused more by lack of management coverage in the store.

22.    There was no loss or potential loss or harm to the store over this incident, and plaintiff had never received any prior warnings about his work.

23.    Plaintiff had only good evaluations during his tenure, always "meeting expectations" in his performance.

24.    *Five weeks later*, with no warning or notice or write-up, Wysin terminated plaintiff for "poor performance".

25.    Brandon Wysin never told plaintiff what he did wrong or why his performance was "poor".  Wysin told plaintiff to "go live at his beach house in Maryland."

26.    Plaintiff had no exit interview and received no paperwork from Brandon Wysin about his performance or termination.

27.    Human Resources never met with plaintiff over his termination, and was not present when Brandon Wysin terminated him.

28.    On August 22, 2022, plaintiff filed a complaint against Lowe's with the Pennsylvania Human Relations Commission (no. 202200404) asserting age discrimination in his employment and termination.

29.    On or about April 12, 2023, plaintiff received his determination of charge and notice of right to sue letter, and plaintiff has exhausted.

## COUNT I

### Age Discrimination in Employment Act of 1967 (ADEA)
### Disparate Treatment
### v.
### Lowe's Home Centers, LLC

30.    Plaintiff incorporates herein by reference paragraphs 1 through 29, inclusive, as though the same were more fully set forth at length.

31.    Plaintiff was over forty (40) years old at the time he was treated similarly to other older-than-forty (40) employees and supervisors in similar positions performing similar work as plaintiff at the Langhorne store who were forced out and/or terminated.

4

32. Plaintiff was over forty (40) years old at the time he was terminated by store director Wysin, when far-younger less experienced employees in similar positions were not disciplined or terminated.

33. Plaintiff was over forty (40) years old at the time far-younger less experienced employees were hired to replace older employees, or in some cases, not replaced at all.

34. On the basis of age, as to all other employees at Lowes in the Langhorne store, plaintiff was a member of a protected group under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*.

35. Plaintiff at all times relevant, was qualified, trained, experienced and fully competent to perform his job duties and assignments as an assistant store manager.

36. Plaintiff at all times relevant, was qualified, trained, experienced and fully competent for retainage and longevity in his position as assistant store manager.

37. Lowe's deliberately and intentionally treated plaintiff disparately based on age, in meting a single incident of "discipline" – *five weeks* after it happened - that was nothing more than pretext.

38. Lowe's deliberately and intentionally treated plaintiff disparately based on age when it terminated plaintiff based on the same or similar pretext as other older-than-forty supervisors and employees who suffered adverse employment action based on age.

39. As a result of the termination, plaintiff was foreclosed of opportunities to promote to positions at the store level higher than assistant store manager.

40. As a result of the termination, plaintiff was precluded from progressive higher salaries and bonuses he would have earned in higher level positions.

41. Plaintiff has thereby suffered significant losses in retirement accouterments and benefits of employment that, but for the age discrimination, would have accrued and plaintiff would have enjoyed.

42.     Plaintiff, for all the reasons articulated above, suffered adverse employment action at the hands of Lowe's.

43.     Lowe's acted with illegal discriminatory motive towards plaintiff based substantially (and/or solely) on age.

44.     As a result, plaintiff has suffered harm and damages.

45.     Lowe's, acting as aforesaid, discriminated against plaintiff under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (the"ADEA") and has willfully violated the ADEA.

46.     Lowe's acting as aforesaid, engaged in such illegal discriminatory practices with malice or with reckless indifference to the federally protected rights of the plaintiff.

WHEREFORE, plaintiff, Richard Konowal, Sr. demands judgment in his favor and against defendant, Lowe's Home Centers, Inc. for monetary damages, compensatory damages (including back pay, wage accruals, merit raises, bonuses, prejudgment interest), denial of progressive wage increases due to non-promotion, incidental and consequential damages, liquidated damages, exemplary and/or punitive damages, injunctive relief and/or affirmative relief as determined by the court necessary to effect the purposes of the Age Discrimination in Employment Act of 1967, as amended, together with attorneys' fees and costs, costs of suit, and for such other relief as the Court deems just.

J. Stephen Woodside
Attorney for plaintiff, Richard Konowal, Sr.

J. STEPHEN WOODSIDE, P.C.
One Belmont Avenue
GSB Building-Suite 324
Bala Cynwyd, PA 19004
(610) 278-2442
(610) 278-2644 (fax)
*jstephenwoodside@verizon.net*

DATED:  July 10, 2023

## *JURY DEMAND*

Plaintiff demands trial by a jury of twelve (12) persons on all issues so triable.

_____
J. Stephen Woodside

Dated: July 10, 2023